USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

  - v. -

FREDDY SERRANO, JR.,

        Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

S1 21 Cr. 785 (GHW)

WHEREAS, on or about December 20, 2021, FREDDY SERRANO, JR., (the "Defendant"), was charged in a five-count Indictment, 21 Cr. 785 (GHW) (the "Indictment");

WHEREAS, the Indictment charged the Defendant, among other charges, with firearms use, carrying, possession, and discharge, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2 ("Indictment Count Two"); felon in possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2 ("Indictment Count Three"; and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(a)(1)(A)(i) and 2 ("Indictment Count Five");

WHEREAS, the Indictment also included a forfeiture allegation as to Indictment Counts Two, Three and Five, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in the offenses charged in Indictment Counts Two, Three and Five, including but not limited to:

    a. a Ruger .380 caliber LCP semiautomatic handgun;

    b. a North American Arms .22 caliber magnum revolver;

    c. one .380 caliber cartridge; and

    d. five .22 caliber cartridges

(the "Specific Property")

WHEREAS, on or about July 20, 2022, the Defendant was charged in a two-count Superseding Information, S1 21 Cr. 785 (GHW) (the "Information"), with Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 and 2 ("Information Count One"); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 ("Information Count Two");

WHEREAS, the Information included a forfeiture allegation as to Information Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Information Count One, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Information Count One;

WHEREAS, the Information included a forfeiture allegation as to Information Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in the offense charged in Information Count Two, including but not limited to the Ruger .380 caliber LCP semiautomatic handgun and the North American Arms .22 caliber magnum revolver firearms included among the Specific Property;

WHEREAS, on or about July 20, 2022, the Defendant pled guilty to Information Counts One and Two;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $300 in United States currency, representing any and all property, real and personal,

that constitutes or is derived from proceeds traceable to the commission of the offense charged in Information Count One, including or not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Information Count One;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitutes property involved in the offense charged in Information Count Two; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Information Count One and Two that the Defendant personally obtained cannot be located upon the exercise of due diligence;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Matthew R. Shahabian, of counsel, and the Defendant and his counsel, Luis O. Diaz, Esq., that:

1. As a result of the offense charged in Information Count One, to which the Defendant pled guilty, a money judgment in the amount of $300 in United States currency (the "Money Judgment"), representing proceeds traceable to the offenses charged in Information Count One that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Information Count Two, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, FREDDY SERRANO, JR., and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  7/20/22
MATTHEW R. SHAHABIAN         DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1046


FREDDY SERRANO, JR.

By: _____  7/20/22
FREDDY SERRANO, JR.           DATE

By: _____  7/20/22
LUIS O. DIAZ, ESQ.            DATE
Attorneys for Defendant
32 Marble Hill Avenue
Bronx, NY 10463


SO ORDERED:

_____  7/20/22
HONORABLE GREGORY H. WOODS   DATE
UNITED STATES DISTRICT JUDGE